UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

BILLY RAY IRICK,                           )
                                           )
        *Petitioner*,                      )
v.                                         )    No.    3:98-cv-666
                                           )    *Chief Judge Curtis L. Collier*
RICKY BELL, WARDEN, Riverbend              )
Maximum Security Institution               )
                                           )
        *Respondent*.                      )

## MEMORANDUM AND ORDER

Petitioner Billy Ray Irick ("Petitioner") is awaiting his December 7, 2010,[1] execution by the

State of Tennessee following his November 1986 convictions for the murder and rape of a

seven-year-old girl. He has exhausted his appeals in the Tennessee courts and his federal habeas

corpus petition was denied. The Court of Appeals for the Sixth Circuit remanded Petitioner's

motion for relief from judgment, and the Court recently granted in part and denied in part

Petitioner's Rule 60(b) motion and Petitioner's recently-filed motion requesting the Court to grant

the Rule 60(b) motion, reopen habeas proceedings, amend the Rule 60(b) motion, and permit

briefing (Court File Nos. 159, 192). The Court has concluded that four issues raised in Petitioner's

original habeas petition should be reconsidered, in an expedited manner, based upon the

promulgation of Rule 39 of the Tennessee Supreme Court Rules (Court File No. 195).

Petitioner has now filed a motion and an amended motion requesting an immediate stay of

execution, a stay of state competency proceedings, and an expedited ruling and/or hearing on the

instant motion (Court File Nos. 196, 197). The motions request the Court stay Petitioner's

---

[1]      The Court's two previous Orders contained a typographical error—erroneously
identifying Petitioner's execution date as December 8, 2010 (Court File Nos. 194, 195). Petitioner's
correct execution date is December 7, 2010 (Court File No. 196-1, p. 3).

December 7, 2010, execution date and his August 16, 2010, state competency hearing date, claiming the state is interfering with his right to seek redress through federal habeas corpus proceedings by continuing proceedings to have him executed before his first federal habeas has been completed. Respondent objects to the motion, contending Petitioner does not satisfy the criteria for issuing a stay of execution (Court File No. 198). For the reasons explained below, Petitioner's motions is **DENIED** (Court File Nos. 196, 197).

## I. Background

On March 30, 2001, this Court granted Respondent's motion for summary judgment and dismissed Petitioner's petition and amended petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Court File No. 146, 147). On November 20, 2001, while the appeal of his federal habeas petition was pending in the United States Court of Appeals for the Sixth Circuit, Petitioner filed a Rule 60(b) motion, relying on Tennessee Supreme Court Rule 39, seeking to set aside the Court's dismissal of those claims found to have been procedurally defaulted either because he failed to raise them in the state supreme court or because he raised them in the highest state court but failed to present them first to the state appellate court (Court File No. 159). The Court transferred the Rule 60(b) motion, under then-applicable law, to the Court of Appeals for the Sixth Circuit (Court File No. 163). Thereafter, Petitioner filed, in the Sixth Circuit, a motion for a second or successive federal habeas petition in support of this transferred Rule 60(b) motion.

On July 1, 2002, the Sixth Circuit held both the Rule 60(b) motion and the original appeal of Petitioner's habeas case in abeyance. On April 3, 2006, the original appeal was removed from abeyance and a final judgment was issued on May 12, 2009. The Sixth Circuit subsequently removed the motion for leave to file a second or successive habeas corpus petition from abeyance,

denied it as unnecessary, and remanded the case to this Court to rule on the Rule 60(b) motion (Court File No. 193). The Court granted in part and denied in part the Rule 60(b) motion and has set an expedited briefing schedule requiring the last submission to be made no later than September 24, 2010 (Court File No. 195).

## II. Analysis

A. *Petitioner's Arguments*

Petitioner submits two arguments for granting his motion. First, he contends the Court should immediately stay both his December 7, 2010, execution date, and his August 16, 2010, competency hearing (currently scheduled in the Criminal Court of Knox County, Division I, Case No. 24537) because both state proceedings are premature in light of his pending federal habeas proceedings and will interfere with his federal proceedings.

Second, Petitioner contends this Court's previous stay of execution should still be in effect. Specifically, Petitioner argues because the stay originally ordered by this Court in its memorandum and Order of December 7, 1998, specifically provided, in part, "[t]he stay will automatically expire on Tuesday, January 26, 1999, provided, however, the stay will automatically be extended pending resolution of any petition filed by petitioner on or before Monday, January 25, 1999[,]"(Court File No. 2), and because subsequent orders extended the stay and Petitioner did timely file a habeas corpus petition and an amended petition, this Court's stay should still be in effect because these habeas petitions have not been resolved by virtue of the Sixth Circuit's remand of Petitioner's Rule 60(b) motion (Court File No. 197).

B.     _Respondent's Arguments_

Respondent opposes the stay (Court File No. 198).  Citing to _Durr v. Cordray_, 602 F.3d 731, 737 (6th Cir. 2010), and _Lexmark International Inc. v. Static Control Components, Inc._, 387 F.3d 522, 532 (6th Cir. 2004), Respondent contends a stay of execution is an injunction and a court traditionally considers the following four factors in determining whether a stay is warranted: "(1) the petitioner's likelihood of success on the merits; (2) the possibility of irreparable harm to the petitioner in the absence of an injunction; (3) public interest considerations; and (4) potential harm to third parties"(Court File No. 198).  Respondent, observing that Petitioner has not attempted to show how these criteria weigh in favor of the issuance of a stay in this case, argues this case simply does not satisfy the traditional four-factor test, and therefore, a stay is not warranted.

C.     _Applicable Law_

Title 28 U.S.C. § 2251(a)(1) permits a federal judge, before whom a habeas corpus proceeding is pending to "stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding."  In addition, Title 28 U.S.C. § 2251(a)(3), provides the authority for staying executions of death sentences.

In deciding whether to grant a stay of execution, the Court of Appeals for the Sixth Circuit has instructed that a court should consider the following four factors: "'(1) whether there is a likelihood [the prisoner] will succeed on the merits of the appeal; (2) whether there is a likelihood he will suffer irreparable harm absent a stay; (3) whether the stay will cause substantial harm to others; and (4) whether the injunction would serve the public interest.'"  _Durr v. Cordray_, 602 F.3d at 737 (quoting _Workman v. Bell_, 484 F.3d 837, 839 (6th Cir. 2007).  The Sixth Circuit has

previously instructed that a Petitioner "must show a 'significant possibility of success on the merits' in order to obtain a stay." *Workman v. Bell*, 484 F.3d at 839 (quoting *Hill v. McDonough*, 547 U.S. 573 (2006)).

    D.    *Discussion*

Although the Court will reconsider its previous disposition of the specific claims relating to the felony murder aggravating circumstances; flight instruction; prejudice or sympathy instruction; and that portion of section (l) and (m) of the *Brady* claims that were deemed procedurally defaulted, such action does not demonstrate a likelihood of success on the merits. As Respondent noted, the Court has already made alternative merits determinations regarding Petitioner's challenges to the felony murder aggravating circumstance and the flight instruction, and conducted an alternative merits analysis of the prejudice or sympathy instruction. As to the *Brady* claim, Respondent indicates it has not been presented to any Tennessee court. As Petitioner has made no attempt to show this criteria weighs in favor of issuing a stay, he has not met his burden of showing "a significant possibility of success on the merits" of his claims.

Likewise, Petitioner has not demonstrated a possibility of irreparable harm if his August 16, 2010, competency hearing date and/or his December 7, 2010, execution date are not stayed. An expedited briefing schedule in this federal habeas matter, which requires all filings to be submitted no later than September 24, 2010, has previously been set by Order of this Court (Court File No. 195). Therefore, it is anticipated that the federal habeas matter will be resolved in an expedited manner and should not interfere with Petitioner's December 7, 2010, execution date. Finally, Petitioner has failed to demonstrate the third and fourth factors—public interest considerations and

potential harm to third parties—weigh in favor of granting a stay, and the record before the Court does not warrant such a finding.

Given that Petitioner has failed to meet any of the criteria warranting a stay; his execution date is scheduled for December 7, 2010; and this Court has provided an expedited briefing schedule in this federal habeas matter, the Court is unable to discern any grounds on the record before it that warrant granting the requested relief. This is not a situation where it is necessary to grant a stay so Petitioner will be afforded an opportunity to address the merits of the issues pending before this Court, as the Court has previously set an expedited briefing schedule in this federal habeas matter which requires all filings to be submitted no later than September 24, 2010, with the expectation that this federal habeas matter will be resolved prior to Petitioner's scheduled execution date (Court File No. 195). Therefore, since it is not anticipated that this federal habeas matter will interfere with Petitioner's execution date, there is no need to stay the state competency proceedings or the execution date at this time. Accordingly, because the Court concludes the requested relief is not warranted at this time, as it appears the federal habeas matter should be concluded prior to the December 7, 2010, execution date, relief is **DENIED** (Court File Nos. 196, 197).

SO ORDERED.

ENTER:


**/s/**_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**