Nos. 14-6394/6407

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| BILLY R. IRICK, )<br>　　　　　　　　　　　　　　　　)<br>　　Petitioner-Appellant, )<br>　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　)<br>WAYNE CARPENTER, Warden, )<br>　　　　　　　　　　　　　　　　)<br>　　Respondent-Appellee. )<br>　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　) | **FILED**<br>May 05, 2015<br>DEBORAH S. HUNT, Clerk<br><br>O R D E R |

Before: SILER, BATCHELDER, and SUTTON, Circuit Judges.

　　Billy R. Irick, a Tennessee death-row prisoner, appeals a district court order denying his motion for relief from the 2001 judgment denying his 28 U.S.C. § 2254 habeas corpus petition. *See* Fed. R. Civ. P. 60(b). The district court denied a certificate of appealability ("COA"). Irick seeks one here. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b)(1)-(2).

　　We first note that the document Irick filed in the district court was indeed a Rule 60(b) motion for relief from judgment, not a second or successive petition for habeas corpus relief under § 2254. This is so because Irick is not now trying to raise a habeas claim. He is trying to lift the procedural bar that prevented adjudication of a claim raised in his habeas corpus petition. That critical distinction means that the document now in question is not a second or successive habeas corpus petition—governed by the strictures of 28 U.S.C. § 2244(b)—but a motion for relief from judgment, governed by Rule 60(b). *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005).

　　To appeal the denial of a Rule 60(b) motion, the applicant must first obtain a COA. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). It shall issue "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If the

district court denied the Rule 60(b) motion on the merits, the applicant must show that "reasonable jurists could debate whether" it "should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted). If the district court denied the motion on procedural grounds without reaching the applicant's underlying constitutional claim, a COA should issue when the applicant shows that jurists of reason would find debatable (a) whether the motion states a valid claim of the denial of a constitutional right and (b) whether the district court was correct in its procedural ruling. *See id.* at 484.

Irick has failed to identify any basis that would entitle him to a COA. He argues that reopening should have been granted under Rule 60(b)(6). That clause, however, requires a showing of extraordinary circumstances. *Gonzalez*, 545 U.S. at 535. He has shown none that satisfies the rule.

For this reason, we deny Irick a certificate of appealability.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

# UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| Deborah S. Hunt<br>Clerk | 100 EAST FIFTH STREET, ROOM 540<br>POTTER STEWART U.S. COURTHOUSE<br>CINCINNATI, OHIO 45202-3988 | Tel. (513) 564-7000<br>www.ca6.uscourts.gov |

Filed: May 05, 2015

Mr. James E. Gaylord

Mr. William Jackson Rieder

Mr. C. Eugene Shiles

Ms. Jennifer Lynn Smith

Re: Case No. 14-6394/14-6407, *Billy Irick v. Wayne Carpenter, Warden*
Originating Case No. : 3:98-cv-00666

Dear Counsel:

The Court issued the enclosed (Order/Opinion) today in this case.

Sincerely yours,

s/Patricia J. Elder
Senior Case Manager

cc: Ms. Debra Poplin

Enclosure

No mandate to issue